IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CYNTHIA HARRIS                PLAINTIFF

vs.        Civil No. 1:11-cv-01025

MICHAEL J. ASTRUE,             DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

On August 30, 2011, Defendant filed an Unopposed Motion to Remand. ECF No. 10.[1] Defendant states Plaintiff has been contacted and has no objection to this Motion. ECF No. 10. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

Defendant requests a remand so the Commissioner may conduct further administrative proceedings and further evaluate Plaintiff's disability status. According to Defendant, the ALJ found Plaintiff had the RFC for sedentary work with various nonexertional limitations, among them a slight to moderate reduced ability to maintain attention and concentration for extended periods, and a slight to moderate reduced ability to complete work tasks in a normal workday at a consistent pace. (Tr. 12, Finding 4). However, the tape of the administrative hearing is inaudible as to the attention, concentration, and pace limitations that the ALJ posed to the Vocational Expert. ("VE"). (Tr. 53).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

Additionally, the ALJ's decision specified that Plaintiff's RFC included a limitation that Plaintiff would need to elevate her legs three times per day for 15 minutes at a time. (Tr. 12, Finding 4). However, none of the hypothetical questions the ALJ posed to the VE included the requirement that Plaintiff elevate her legs. (Tr. 51-53).

The Commissioner wishes to remand this case for further administrative proceedings to give further consideration to Plaintiff's maximum RFC while avoiding qualifying terms such as "slight" and "moderate," which do not usefully convey the extent of the claimant's limitations; and to pose to the VE a hypothetical question that accurately reflects the assessed maximum residual functional capacity.

This Court finds this motion is well-taken and should be granted. The Commissioner's decision is reversed, and this matter is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. In addition, the undersigned finds the Plaintiff's Complaint should be and hereby is dismissed without prejudice. Plaintiff may still, however, file a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of September, 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE